Judge G-rimke
delivered the opinion of the court:
We suppose the judgment on the demurrer to Holmes’ pleas, by the court of common pleas, correct. The first plea avers that the commissioners did not superintend the erection of the building. The word agree in this clause of the condition of the bond, “the commissioners agree to superintend the erection of said courthouse,” may have the effect, at first, of perplexing the judgment with regard to this part of the case. It may be supposed to create an express covenant between the parties, when, in reality, it is only a recital of something to be done for the benefit or advantage ■of the plaintiffs themselves. The second plea is defective for the •very reason which is assigned, that no state of facts is averred *317 by which the court cau find that the vacation of the contract was unauthorized.
As to the third plea which sets up a defense that the materials and workmanship were approved by James Bramble, there is certainly great force in the objection that his appointment was-only by parol. The case of the Bank of Columbia v. Patterson, *7 Cranch, 299, shows that the rule which required the sanetion of the corporate seal to every act of a corporation has been very much relaxed ; perhaps the case of King v. Briggs, 3 P. Wms. 419, proves that the rule never existed in the universality with which it has been stated. The exceptions to the rule are summed up by Chief Justice Best, in the East London Water Works v. Bailey, 4 Bing. 283. But it is unnecessary to decide that point. The mere appointment of a person to superintend the work, could, not possibly dispense with the faithful execution of it, and compel the county to accept a building which was not erected in conformity with the agreement. If it did, what would be the meaning of the solemn covenant which the defendants entered into, securing the exact execution of the work, and even referring to the plan upon which the building was to be erected. All the substantial parts of the covenant would be superseded and put aside, by a matter which, even if it concerned the defendants, and not merely the plaintiff, was collateral to the principal object to be attained. If such were the consequence, we should have to look to the power of the county commissioners, and I apprehend we should find that they do not possess the authority to appoint an agent with the power which is claimed for him. They are mere agents of the public themselves, and the case would not form an-exception to the general rule that delegated power can not itself be delegated. But suffice it to say, that there is nothing in the appointment of a mere superintendent which can dispenso with, the faithful performance of the contract.
These reasons dispose of the questions arising also on the bill: of exceptions, and the judgment must be affirmed.